Welsh, J.
This is a petition for civil commitment of a person alleged to be mentally ill agreeable to G.L.c. 123, §§7 & 8.
A hearing was scheduled before the court on December 14,1994. On the day of *82 the hearing, counsel for the petitioner and respondent entered into a “stipulation and agreement” which stated that the respondent was mentally ill and that discharge of the respondent would create a likelihood of serious harm. The parties further agreed to a commitment of 90 days.
Counsel for the respondent left the courthouse with the understanding that counsel for the petitioner would present the stipulation and agreement to the court. The court rejected the portion of the agreement that called for a 90-day commitment and ordered that the respondent be committed for one year. The court stated that if the respondent were aggrieved by the order and would not have entered into the stipulation but for the 90-day commitment, the order would be vacated and a new hearing ordered. The respondent has not availed herself of that offer.
First, this appeal is an expedited appeal agreeable to Rule 8A, Dist./Mun. Cts. R. ADA The trial judge on March 7,1995 filed a document entitled “Findings of Fact and Rulings of Law on Respondent’s Appeal.” In the document, the court states that the appeal was inappropriate, stating that the statute required that the commitment (following the initial 6-months commitment) be for one year and that, in any event, the judge would relieve the respondent of the stipulation and allow for a new hearing.
Paragraph (b) of Rule 8A provides, in part, that within 10 days after the filing of an expedited appeal, the judge may enter an order terminating further proceedings for an expedited appeal “upon a determination of non-compliance with the terms of this rule.” Although the expedited appeal was filed on January 18, 1995, the judge certified that notice did not come to her attention until March 1, 1995.
We do not reach the question whether the judge was correct in her ruling that she did not have discretion to authorize a commitment for less than one year in view of the judge’s willingness to discharge the stipulation and permit a hearing on the merits of the petition. Nor do we decide whether the failure timely to notify the judge of the expedited appeal would, in effect, toll the time for the judge to order a termination of the expedited appeal, if indeed her determination of the inappropriateness of the appeal is the functional equivalent of an order terminating proceedings under Rule 8A(b).
The cause is remanded for a hearing on the merits. This stipulation is discharged.
So ordered.